## 11691

### DOWLING v. FENNER *ET AL.*

### (126 S. E., 432)

1. PRINCIPAL AND AGENT—WHETHER DEFENDANTS' ALLEGED AGENT WAS ACTING AS SUCH IN THE TRANSACTIONS INVOLVED HELD FOR JURY. In action for profits made on cotton purchases and for money deposited with defendant's alleged agent for purpose of trading in cotton futures, evidence *held* sufficient for submission to jury of question whether alleged agent was such and acting as such in the transactions involved.

2. PRINCIPAL AND AGENT—TESTIMONY OF OTHER PERSONS WHO HAD DEALT WITH ALLEGED AGENT AS TO MANNER IN WHICH THEIR BUSINESS WITH HIM HAD BEEN CONDUCTED HELD PROPER.—In action for profits made on cotton purchases, and for money deposited with defendants' alleged agent for purpose of trading in cotton futures, testimony of other persons who had dealt with agent as to manner in which their business was conducted *held* proper on question of agency.

3 PRINCIPAL AND AGENT—LETTERS BETWEEN ALLEGED AGENT AND DEFENDANTS WERE ADMISSIBLE TO SHOW RELATIONSHIP.—In action involving question whether certain person was defendants' agent, letters between such person and defendants were relevant to show the relation of the parties.

4. APPEAL AND ERROR—ADMISSION OF UNSIGNED DRAFT OF AGREEMENT HELD NOT PREJUDICIAL.—In action involving issue of agency, admission of unsigned draft of agreement between alleged agent and defendants found among such person's papers, without objection thereto from such person, *held* not prejudicial, when most of it was in evidence from other sources.

5. APPEAL AND ERROR—HOLDING THAT QUESTION WAS FOR JURY, IF THERE WERE A SCINTILLA OF TESTIMONY, HELD HARMLESS WHERE EVIDENCE WAS ABUNDANT..—Where there was abundant evidence on issue of agency, court's holding that, if there were a scintilla of testimony, the case must go to the jury was harmless.

6. GAMING—ONE WHO DEPOSITED MONEY FOR TRADING IN FUTURES
   COULD RECOVER AMOUNT, REGARDLESS OF ALLEGED PARTNERSHIP.—One
   who deposited money with defendants' agent for purpose of trading
   in cotton futures *held* entitled to recover it under Civ. Code, 1922,
   § 5167, regardless of whether he and the agent were partners.

Before JOHNSON, J., Greenwood, October, 1923. Affirmed.

Action by G. G. Dowling against C. E. Fenner and others. Judgment for plaintiff, and defendants appeal.

Plaintiff claimed that he was entitled to recover the amount deposited with Mr. Taylor for purpose of trading in cotton futures, under Civ. Code 1922, § 5167.

*Messrs. S. H. McGhee* and *Haynsworth & Haynsworth,* for appellants, cite: *Parntnership—Agency:* 4 Rich. L., 46; 20 R. C. L., 883; 13 S. C., 190–194; 114 S. C., 1, 6; 90 S. C., 90. *Joint adventure and partnership:* 123 S. E., 776. *Principal not bound by acts of agent, where parties elect to deal with agent alone:* 35 S. C. L., 213; 65 S. C., 259; 50 S. C., 218; 46 Am. Dec., 238; Story, Agency, Sec. 297; 112 S. W., 934; 134 N. W., 65; 100 S. E., 418; 59 S. E., 259. *Agency:* 91 S. C., 91; 262 Fed., 607; 129 U. S., 193; 93 N. Y. S., 126; 138 N. E., 749; 44 N. E., 171; 182 N. Y. S., 434; 262 Fed., 607. *Declarations of an alleged agent are incompetent to show agency:* 102 S. C. 434; 114 S. C., 488; 79 S. C., 578. *Introduction of private writings:* 10 R. C. L. Ev., Sec. 295. *Directed verdict—scintilla of testimony rule:* 91 S. C., 17.

*Messrs. Grier, Park & McDonald* and *W. P. Greene,* for respondent, cite: *Agency or relation between parties:* 53 S. C., 173; 78 S. C., 157; 49 Law Ed., 1117. *Contracts made by agent:* 21 R. C. L., 890; 1 Hills Eq., 590. *Admission of testimony:* 55 S. C., 568; 80 S. C., 207; 76 S. C., 531; 83 S. C., 30; 72 S. C., 350; 70 S. C., 295; 121 S. C., 429; 76 S. C., 275; 62 S. C., 145; 60 S. C., 70. *Where evidence tends to show agency, declaration of alleged agent*

*becomes competent:* 97 S. C., 148; 113 S. C., 499; 117 S. E., 594.

February 12, 1925.

The opinion of the Court was delivered by Mr. Justice Fraser.

The appellant's statement is, in part, as follows:

"This action was brought on July 18, 1922.

"The complaint sets up two causes of action—one to recover $1,680.64, alleged to be profits made by the plaintiff on certain cotton purchases made between May 1st and June 9th; and the second cause of action is to recover the sum of $2,000.00, alleged to have been deposited with W. C. Taylor for the purpose of trading in cotton futures. It is alleged in the complaint that Taylor operated an office in the Town of Greenwood for the purpose of buying and selling cotton for future delivery, and that he was the agent of Fenner & Beane, and had some arrangement with them whereby commissions allowed by the exchanges were to be divided.

"The answer sets forth that Fenner & Beane were engaged as brokers in the City of New Orleans, and that Taylor was a broker in the Town of Greenwood; that in the course of business Taylor, from time to time, remitted orders for the purchase or sale of cotton for future delivery on the New Orleans exchange, and from time to time remitted certain sums of money to cover such transactions, and that Fenner & Beane had paid to Taylor everything that was due on these transactions, and denies the allegations of the complaint."

The verdict was for the plaintiff, and from the judgment entered thereon this appeal is taken.

There are 39 exceptions, but the appellants state the questions as follows:

"In this appeal Fenner & Beane urged the following propositions:

"(1) That there was no evidence from which the jury could reasonably conclude that Taylor was the agent of Fenner & Beane.

"(2) That, even if the jury should conclude that the relation between Fenner & Beane and Taylor was that of principal and agent, nevertheless the only conclusion reasonably to be drawn from the evidence was that in these transactions, which are the basis of the plaintiff's claims. Taylor was not acting as the agent of Fenner & Beane.

"(3) Certain questions of evidence to be hereinafter stated."

I. The first two propositions will be considered together, and neither can be sustained. There was abundant evidence that Taylor was the agent of Fenner & Beane. Taylor had an office in Greenwood, S. C. The private wire of Fenner & Beane was installed in Taylor's office, and the messages that came over that wire were displayed on the board. An admitted agent of Fenner & Beane seems to have made Taylor's office his headquarters, and solicited business for Fenner & Beane through Taylor. Some orders were given to Taylor, who transmitted them in his own name to Fenner & Beane. Some orders were given to Fenner & Beane. These were sent through Taylor and acknowledged by Fenner & Beane. Checks were made payable to Fenner & Beane. These checks were indorsed by Taylor for Fenner & Beane and deposited in bank to Fenner & Beane's account. Fenner & Beane were large operators, and presumably responsible. Taylor seems to have been irresponsible financially. It would serve no good purpose to extend this statement. It is sufficient to say that the evidence is abundant, that Taylor was the agent of Fenner & Beane.

II. As to the introduction of evidence, error is alleged, in that: (a) "The Judge allowed A. M. Klugh and certain other parties, who dealt with

W. C. Taylor, to state the manner in which their business was conducted."

There was no error here. The question was, In what way was that business conducted? The testimony was responsive to that question, and proper.

(b) "The Judge admitted a great number of letters passing between Taylor and Fenner & Beane, which had no bearing upon the question as to whether Taylor was the agent of Fenner & Beane."

The agency being denied entirely, the letters were relevant as showing the relation of the parties.

(c) "The Judge admitted in evidence a paper found in Taylor's office purporting to be a draft of an agreement with Fenner & Beane. This paper was unsigned."

This was not reversible error, as it does not appear to have been prejudicial. Most of it was in from other sources, and, being found among Taylor's papers, it might call for an explanation from Taylor, and he did not object.

III. "His Honor erred in holding that, if there were a scintilla of testimony under the issue of agency, the case must go to the jury." The evidence being abundant, the error was harmless.

IV. A question has been raised as to a partnership between Taylor and Dowling, in the $2,000.00 transaction. It is wholly immaterial under the statute. If Fenner & Beane received $2,000.00 of Dowling's money, they must pay it back to Dowling. The statute may be harsh, but it was intended to be so, and the Court's duty is to enforce it.

The judgment appealed from is affirmed.

MESSRS. JUSTICES WATTS and MARION, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.